IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-96-152-1 |
| | § | CIVIL ACTION NO. H-06-149 |
| DONACIANO ROJAS, | § | |
| | § | |
| Defendant-Movant | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Donaciano Rojas' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 205), and the United States' Answer and Motion to Dismiss (Document No. 212). After reviewing Movant's § 2255 motion, the Government's Answer and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS for the reasons set below, that the Government's Motion to Dismiss (Document No. 212) be GRANTED, that Movant's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 205) be DENIED, and that this § 2255 proceeding be DISMISSED as time-barred.

## I. Procedural History

Donaciano Rojas ("Rojas"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Rojas' first attempt at § 2255 relief.

A Houston Division Grand Jury indicted Rojas and seven co-defendants in a four-count Indictment on August 12, 1996 (Document No. 1). Count 1 charged all defendants with conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). *Id*. Count 2 charged Rojas with aiding and abetting possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 § 2. Rojas was charged in count 3 and count 4 with aiding and abetting possession with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. *Id.*

On November 7, 1996, Rojas entered a guilty plea to the Indictment without a written plea agreement (Document No. 69). Prior to sentencing, a Pre-sentence Report ("PSR") was prepared (Document No. 108). Pursuant to the PSR, Rojas had a guideline sentencing range of 324 to 405 months. According to the Judgment, Rojas was sentenced to a total term of imprisonment of 360 months, to be followed by 5 years of supervised release. In addition, the court imposed a special assessment of $400 and a $100,000 fine. Judgment was entered on February 20, 1997. (Document No. 145).

Rojas appealed to the Fifth Circuit Court of Appeals. (Document No. 131). The Fifth Circuit dismissed the appeal for want of prosecution (Document No. 161). The Fifth Circuit subsequently granted Rojas' motion to reinstate his appeal. On April 14, 1998, the Fifth Circuit Court of Appeals

affirmed the sentence imposed by the district court. (Document Nos. 200, 201). The Fifth Circuit wrote:

> Donaciano Rojas appeals from his sentence following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine, and three counts of possession with intent to distribute cocaine. Rojas argues that the district court erred in : 1) pronouncing an oral sentence that varied from the written judgment; 2) imposing a sentence enhancement, pursuant to U.S. Sentencing Guidelines § 3B1.1(a), for Rojas' role as a leader or organizer of a criminal activity involving five or more participants; and 3) calculating his base offense level. In addition, Rojas contends that the Government breached an agreement by failing to request a downward departure from the district court.
>
> We have reviewed the record and find no error. Accordingly, the sentence imposed by the district court is AFFIRMED. (Document No. 201).

On January 12, 2006, Rojas filed his Motion to Vacate under 28 U.S.C. § 2255 and Fed. R. Crim. P. 36 (Document No. 205) . Rojas challenges his sentence under the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 524 S. Ct. 2531 (2004) and *United States v. Booker,* 543 U.S. 220 (2005) because the Court, and not a jury, enhanced his sentence. In addition, relying on Rule 36 of the Federal Rules of Criminal Procedure, Rojas moves to have his sentence amended to reflect the alleged oral pronouncement of 216 months made by Judge Harmon. According to Rojas, the transcript of his sentencing hearing shows an oral pronouncement of 216 months' imprisonment while the written judgment reflects 360 months' imprisonment. The Government has responded, and moves to dismiss the § 2255 motion as time-barred, and in the alternative argues that Rojas' claims have no merit. (Document Nos. 211, 212).

In addition, the Government has filed a Motion Seeking a Court Order to Correct a Typographical Error in the Record of the Sentencing Hearing Pertaining to the Imposed Term of Imprisonment (Document No. 208), in which the Government requests that the Court issue an Order directing the Court Reporting Service to correct the typographic error in the Sentencing Transcript,

beginning on page 36, line 24 and continuing on page 37, through line 3, to reflect the correct term of imprisonment, which is 360 months, not 216 months. Rojas has responded to the Government's motion (Document No. 210). Rojas opposes the motion on the ground that the audiotape is inaudible and the oral pronouncement controls.

## II. Discussion

### A. Rojas' § 2255 Motion is time-barred

The United States argues that Rojas' § 2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because it is time-barred (Document No. 212 at 5). On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted. With the enactment of AEDPA, 28 U.S.C. § 2255 specifically provides for a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevent from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Rojas filed the instant motion after the effective date of AEDPA, the provisions of the statute apply.

Here, Rojas' conviction became final for purposes of § 2255(1) on July 14, 1998, when the time for filing a petition for writ of certiorari expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case of which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."); *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). The one-year limitation period began to run on July 14, 1998, the day his conviction became final, and expired one year later on July 14, 1999. Rojas' § 2255 motion was filed on January 12, 2006, nearly six years and six months after the expiration of the one-year period. Under these circumstances, Rojas' motion is untimely under § 2255(1), and is subject to dismissal absent a showing that an alternate date for commencement of the limitations period should be applied under § 2255(2)-(4) or that the limitations period should be equitably tolled.

None of the alternate provisions for the commencement of the limitations period applies. Rojas has not alleged that he was in any way impeded from filing a timely § 2255 motion. Nor has Rojas shown that the *facts* underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

Likewise, Rojas has not alleged a claim that is based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478; 28 U.S.C. 2853(3) (limitations period under § 2255 ¶ 6(3) beings to run as of the date on which the Supreme Court initially recognized the right asserted).

As for the applicability of equitable tolling, rare and exceptional circumstances may warrant the application of equitable tolling principles to a late filed § 2255 motion to vacate, set aside or

correct sentence. *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000). In addition, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman,* 184 F.3d at 402); *See also Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999) (Inconsistent ruling by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000) (Rare and exceptional circumstances existed to warrant equitable tolling where the movant was under mistaken impression as to filing deadline, where that mistaken impression was furthered by the District Court); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (remanding case for rehearing on equitable tolling where the petitioner alleged "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf."). In contrast, the Fifth Circuit has disapproved of the application of equitable tolling for circumstances which are "garden variety claims of excusable neglect." *Lockingbill v. Cockrell,* 293 F.3d 256, 265 (5th Cir. 2002).

Here, Rojas has provided no basis for equitably tolling the statutory period of limitations. Given the absence of any facts in the record that would constitute a rare or exceptional circumstance, equitable tolling of the limitations period is not available.

Even assuming that Rojas' § 2255 motion was not subject to dismissal as being time-barred, his claims are without merit. Rojas argues that the district court's sentencing determination is

contrary to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 524 S. Ct. 2531 (2004) and *United States v. Booker,* 543 U.S. 220 (2005) because the Court, and not a jury, enhanced his sentence. In *Blakely*, the Supreme Court invalidated the State of Washington's sentencing scheme, whereby a judge could possibly sentence a Rojas to a punishment beyond a statutory range on the basis of judicially determined facts. *Id.* at 2538. In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490, 120 S. Ct. at 2363 The Supreme Court in *Blakely* expressly declined to state whether its decision applied to the Federal Sentencing Guidelines. *Blakely*, 542 U.S. 296, 524 S. Ct. 2531.

The Supreme Court, in its intervening decision, *United States v. Booker,* 543 U.S. 220, extended its holding in *Blakely* to the Federal Sentencing Guidelines, and concluded that there was "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely. Id*. In keeping with its earlier decision in *Apprendi*, the Court also stated: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved (sic) to a jury beyond a reasonable doubt." *Id.,* 125 S. Ct. at 756. To remedy the guidelines' Sixth Amendment problem, the Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), which required mandatory application of the guidelines. *Id.* at 756-57, 765. As a consequence, the guidelines are now advisory in all cases. *Id.* at 757. Because *Blakely* and *Booker* were decided after Rojas' conviction in the instant case became final, it must be determined as an initial matter whether *Blakely/Booker* should be retrospectively applied. The

Supreme Court has not stated whether the rule announced in *Blakely* and *Booker* applies retroactively to cases on collateral review.[1] However, the Fifth Circuit addressed this issue as to initial § 2255 motions, and has concluded that *Booker* does not apply retroactively to initial § 2255 motion. *United States v. Gentry,* 432 F.3d 600 (5th Cir. 2005). Because *Booker* does not apply retroactively in initial § 2255 proceedings, Rojas is not entitled to relief in this proceeding on his *Blakely/Booker* claims.

**B. Rojas' Request for Relief under Fed. R. Crim. P. 36**

Rojas also requests that the Court amend the written judgment to reflect the oral pronouncement of his sentence under Fed. R. Crim. P. 36. According to Rojas, Judge Harmon orally sentenced him to a total term of imprisonment of 216 months. The final judgment, however, reflects a sentence of 360 months' imprisonment. Rojas contends that because an oral pronouncement controls over a written judgment, his judgment should be amended to conform with Judge Harmon's oral pronouncement. The Government opposes Rojas' request and has filed a Motion to Correct a Typographical Error in the Record of the Sentencing Hearing Pertaining to the Imposed Term of Imprisonment (Document 208-1). The Government states: "it is the government's position, based upon information and belief, that the discrepancy in the record is due to a typographical error made by the court reporter." (Document No. 208-1 at 2). Rojas has responded to the Government's motion (Document No. 210).

Rule 36 specifies that: "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Generally, when there is a conflict between a written sentence and an oral

[1] The United States Supreme Court has granted *certiorari* in *Burton v. Waddington*, 142 Fed. Appx. 297 (9th Cir. 2005), *cert. granted*, 126 S. Ct. 2352 (June 5, 2006) and will address the issue of *Blakely* retroactivity.

pronouncement, the oral pronouncement controls. *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000). "If however, there is only an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001); *See Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981). *See also* Slip Copy, 2006 WL 858975 (D.S.D.), Slip Copy, 2006 WL 1133556 (C.A. 11 (Ga.)), Slip Copy 2006 WL 1674272 (C.A.11 (Fla.)), *3 at n.3 ("Because no ambiguity exists in the district court's oral sentence, we need not consult extrinsic evidence to divine the district court's intent.").

Here, the Fifth Circuit rejected Rojas' argument that Judge Harmon had erred by pronouncing an oral sentence that varied from the written judgment. Moreover, upon this record, Judge Harmon clearly intended to sentence Rojas to 360 months and not 216 months as urged by Rojas. Judge Harmon stated:

> The Court: [I] will adopt the presentence (sic) report as my own, both as to findings of fact and the application of the guidelines to the facts. I will give the additional point for acceptance of responsibility which will bring Mr. Rojas to a total offense level of 39, at Criminal History Category of three, which gives him a guideline provision 324 to 405 months. (Transcript of
>
> Sentencing Hearing, Document No. 69, pp. 34- 35).
>
> In imposing sentence, the record shows:
>
> [The Court:] . . . Mr. Rojas has been doing this, he's been involved in these kind of things for quite a long period of time, he's already been sent to prison once before and didn't seem to do much good, because he got right back into it. [. . .] there is no question in my mind that if he were free today, he would be right back out there doing the same thing.
>
> Plus, it does concern me that Mr. Rojas consistently [. . .] has tried to [. . .] put the minimal picture on his activities. (*Id*. At 36).
>
> [The Court:] . . . So that's why I'm giving you the sentence that I am. Essentially, at least for my faulty arithmetic, it's about in the middle of the

> guideline [. . .] [T]o be imprisoned for a term of 216 months, as to each of counts 1, 2, 3, to be served concurrently. (*Id*. At 36, 37).

Based on the totality of the record and given that "[i]t is the intent of the sentencing judge which controls" *Schurmann*, 658 F.2d at 392 (citing *United States v. Kindrick*, 576 F.2d 675, 677 (5th Cir. 1978), upon this record, the written judgment controls. For instance, Judge Harmon found that Rojas was a leader or organizer of the offense, and that he would likely return to a life of crime when released too soon. Moreover, Judge Harmon stated that the sentence imposed was close to the middle of the 324 to 405 month range; 360 is close to being mid-range while 216 months is below sentencing range[2]. As such, upon this record, Rojas' request for an amendment of the judgment should be denied, and the Government's request to correct the record should be granted.

**V. Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Rojas' § 2255 motion was not timely filed and that no relief is available to Rojas on his claims in any event, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 212) be GRANTED, that Movant Donaciano Rojas' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 205) be DENIED, and that this § 2255 proceeding be DISMISSED as time-barred. It is further

RECOMMENDED that Government's Motion Seeking a Court Order to Correct a Typographical Error in the Record of the Sentencing Hearing Pertaining to the Imposed Term of Imprisonment (Document No. 208) be GRANTED.

---

[2]The exact midpoint is 364.5 months.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 31st day of August, 2006.

Frances H. Stacy
United States Magistrate Judge